

**ORDERED in the Southern District of Florida on June 28, 2016.**

Paul G. Hyman, Jr.
**Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 14-10791-BKC-PGH |
| Juan J Williams,<br>     Debtor.                        / | CHAPTER 11 |
| Juan J Williams,<br>     Plaintiff, | ADV. NO.: 15-1440-BKC-PGH-A |
| v. | |
| Deutsche Bank National Trust Company as Trustee for INDYMAC INDX Mortgage Pass-Through Certificates Series 2004-AR12, as serviced by Ocwen Loan Servicing LLC,<br>     Defendants.                        / | |

**ORDER (I) ABSTAINING; (II) GRANTING RELIEF FROM STAY; AND (III) DISMISSING ADVERSARY PROCEEDING**

**THIS MATTER** came before the Court *sua sponte* after reviewing the

*Renewed Motion for Summary Judgment* (ECF No. 54) filed by Deutsche Bank

1

National Trust Company as Trustee for INDYMAC INDX Mortgage Pass-Through Certificates Series 2004-AR12, as serviced by Ocwen Loan Servicing LLC ("Deutsche Bank"). For the reasons that follow, the Court finds it appropriate to abstain from hearing the above-captioned adversary proceeding.

The basic facts of this adversary proceeding are not disputed.[1] In December 1995, Juan J Williams (the "Debtor") and his wife acquired real property located at 2081 Cezanne Road, West Palm Beach, Florida (the "Homestead Property"), more particularly described as follows:

> Lot 86, of The Classics at Bear Lakes, according to the plat thereof, recorded in Plat Book 72, Page 97, of the Public Records of Palm Beach County, Florida.

Subsequently, in November 2000, the Debtor and his wife acquired additional real property—a vacant lot (the "Vacant Lot") adjacent to the Homestead Property and more particularly described as follows:

> Tract D of the Classics at Bear Lakes, according to the plat thereof, recorded in Plat Book 72, Page 97, of the Public Records of Palm Beach County, Florida.

On June 28, 2002, the Debtor and his wife executed a note and mortgage in favor of Irwin Mortgage (the "Irwin Mortgage"). The Irwin Mortgage was secured by the Homestead Property. On September 20, 2004, the Debtor and his wife executed a note (the "IndyMac Note") in favor of IndyMac Bank, F.S.B. ("IndyMac"). A mortgage was recorded related to the IndyMac Note on October 10, 2004 (the "IndyMac-Deutsche

---

[1] Unless otherwise noted, the basic facts are established by virtue of the *Joint Stipulation* (ECF No. 48) filed by Deutsche Bank and the Debtor pursuant to the briefing schedule on the first *Motion for Summary Judgment*") (ECF No. 32).

Mortgage"), which contains only the legal description of the Vacant Lot as the property securing the IndyMac-Deutsche Mortgage. On November 17, 2004, Mortgage Electronic Registration Systems, Inc. ("MERS"), on behalf of Irwin Mortgage, recorded a Mortgage Release, Satisfaction and Discharge (the "Irwin Mortgage Release") in Official Record Book 17773, Page 1095 of the Public Records of Palm Beach County, Florida. On January 13, 2014, the Debtor filed for chapter 11 bankruptcy relief. Shortly thereafter on February 7, 2014, the IndyMac-Deutsche Mortgage was assigned to Deutsche Bank.[2]

On July 1, 2015, the Debtor instituted this adversary proceeding by filing the *Complaint* (ECF No. 1) in which he seeks a declaratory judgment to determine the validity, priority, and extent of liens on the Homestead Property. More specifically, the Debtor seeks a declaratory judgment that the IndyMac-Deutsche Mortgage does not encumber the Homestead Property. In response, Deutsche Bank filed a Counterclaim seeking reformation of the IndyMac-Deutsche Mortgage or, in the alternative, equitable subordination. Both Deutsche Bank and the Debtor filed *Motions for Summary Judgment* (ECF Nos. 32 and 40), which the Court denied after finding that there were material facts in dispute.

Subsequently, Deutsche Bank filed its Renewed Motion for Summary Judgment, wherein Deutsche Bank informs the Court *for the first time* that there is

---

[2] Although the parties did not stipulate to this fact, the Debtor alleges in his *Complaint* (ECF No. 1) that the IndyMac-Deutsche Mortgage was assigned to Deutsche Bank on February 7, 2014, and attached the Assignment of Mortgage to the Complaint as Exhibit D. The Assignment of Mortgage was recorded on April 17, 2014, in Official Record Book 17773, Page 1095 of the Public Records of Palm Beach County, Florida. Deutsche Bank does not dispute the authenticity of the Assignment of Mortgage.

a mortgage foreclosure action pending against the Debtor in state court (the "State Court Action"). According to Renewed Motion for Summary Judgment, IndyMac, Deutsche Bank's predecessor in interest, filed a complaint (the "State Court Complaint") against the Debtor in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court"). The State Court Complaint, which Deutsche Bank attached to the Renewed Motion for Summary Judgment as Exhibit A, includes two counts against the Debtor—(1) a count to reform the IndyMac-Deutsche Mortgage and (2) a count to foreclose on the IndyMac-Deutsche Mortgage. Although it was stayed by the Debtor's bankruptcy filing, the State Court Action is still pending before the State Court.

28 U.S.C. § 1334(c)(1) provides that a bankruptcy court may abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11" when to do so would be "in the interest of justice, or in the interest of comity with State courts or respect for state law." Courts generally consider several factors when determining whether discretionary abstention is appropriate:

(1) The effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised;

(2) The extent to which state law issues predominate over bankruptcy issues;

(3) The difficulty or unsettled nature of the applicable state law;

(4) The presence of related proceedings commenced in state court or other non-bankruptcy courts;

(5) The jurisdictional basis, if any, other than § 1334;

(6) The degree of relatedness or remoteness of the proceedings to the main bankruptcy case;

4

(7) The substance rather than the form of an asserted "core" proceeding;

(8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) The burden on the bankruptcy court's docket;

(10) The likelihood that the commencement of the proceedings in bankruptcy court involves forum shopping by one of the parties;

(11) The existence of a right to jury trial;

(12) The presence in the proceeding of non-debtor parties;

(13) Comity;[3] and

(14) The possibility of prejudice to other parties in the action.

*E.S. Bankest v. United Beverage Florida (In re United Container LLC)*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002); *see also, Welt v. EfloorTrade, LLC (In re Phoenix Diversified Inv. Corp.*), 439 B.R. 231, 246 (Bankr. S.D. Fla. 2010) "No one factor is controlling and courts have discretion to determine the relative weight afforded each factor." *In re Phoenix Diversified Inv. Corp.*, 439 B.R. at 246; *see also, Benitez v. Jarrette Bay Invs. Corp. (In re Nassau Dev. of Vill. W. Corp.)*, 547 B.R. 857, 861 (Bankr. S.D. Fla. 2016) (noting the Court has "broad discretion to abstain from and remand state court proceedings in the interests of comity or on equitable grounds").

---

[3] "The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421, 130 S. Ct. 2323, 2330, 176 L. Ed. 2d 1131 (2010). The doctrine reflects "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." *Id*. (citation omitted)

After weighing these factors, the Court finds it appropriate under 28 U.S.C. § 1334(c)(1) to abstain from adjudicating this adversary proceeding out of respect for state law and in the interest of justice. Most importantly, the Court notes the presence of factors (2), (4), (12), (13), and (14), all of which weigh in favor of abstention: (1) state law issues entirely predominate over bankruptcy issues; (2) there is a pending state court proceeding which would resolve the issues raised in this adversary proceeding; and (3) the Debtor's wife, who is not a debtor in bankruptcy, will be affected by the outcome of this adversary proceeding. More particularly, one of the central issues in this proceeding is whether Deutsche Bank's deed reformation claim is barred by the statute of limitations, and as Deutsche Bank argues in its Renewed Motion for Summary Judgment, the reformation claim was first raised in the State Court Action. The State Court is thus best able to determine whether Deutsche Bank's reformation claim is barred by the statute of limitations. Finally, although the remaining factors either are of neutral weight or weigh against abstention, the Court finds that on balance, abstention is appropriate.

Accordingly, the Court, being fully advised in the premises and for the reasons stated above and on the record at the hearing, **ORDERS AND ADJUDGES** that:

1. The Court abstains from adjudicating this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1).
2. The Renewed Motion for Summary Judgment is denied as moot.
3. Deutsche Bank and the Debtor are both granted relief from the automatic bankruptcy stay to pursue its claims and defenses in the State Court Action.

4. The above-captioned adversary proceeding is dismissed.

###

Copies Furnished To:

David L. Merrill, Esq.

Neil P Linden, Esq.

Robert D Peters, Esq.

Frederic J Dispigna, Esq.